## JOHN WARE *versus* DANIEL BARKER.

It is essential to the validity of a levy that the officer's return show that the owner of the land levied on chose one of the appraisers, or had the notice provided by law to do so.

When an execution against two debtors is levied upon land of one of them, a return, that "*the debtor*" refused to choose any appraiser, fails to show that the *owner of the land* had the requisite notice to do so, and the levy is therefore void.

ON REPORT.

WRIT OF ENTRY to recover certain land which the demandant claimed by virtue of a levy of an execution thereon, against the tenant and one Bean. The officer in his return stated, that one of the appraisers was chosen by the creditor, one by himself, and the third by himself, "the debtor refusing to choose any person."

Other questions were raised in the case but did not become material in its determination.

*Hutchinson*, for demandant.

*Abbott*, for tenant.

The opinion of the Court was drawn up by

TENNEY, C. J. — The tenant claims title in the premises, under a guardian's sale; the demandant, under the levy of an execution against the tenant. The demandant denies the title of the tenant, by reason of defects in the probate proceedings invoked. The tenant insists upon the validity of those proceedings. And, as a further defence, he contends that nothing was obtained by the supposed extent of the demandant's execution upon the land in dispute.

If the levy is in any particular fatally defective, the necessity of a consideration of other points raised in defence is avoided.

The execution, on which the supposed levy was made, was against two debtors, the tenant, and Reuben Bean. The

officer who made the levy states in his return, "and the said Joseph Hight, being appointed by myself, the debtor refusing to choose any person." It was necessary to the validity of the levy that the debtor, whose land is alleged in the return to have been seized, should be notified, or that he should have refused to choose an appraiser.

The case of *Harriman* v. *Cummings,* 45 Maine, 351, is relied upon as decisive of the question in favor of the tenant. The phraseology in the return, in that case, was, in one respect, different from that in this case. The execution in that case, as in this, was against two persons. The land attempted to be set off was represented as the property of Meshack Pike, one of the debtors, exclusively; and one of the appraisers is stated in the return to have been chosen by the debtor within named. This was held to be a defect, on the ground that "every thing stated in the officer's return may be true, and Meshack Pike, not having chosen an appraiser, or have had notice to do so." In this case the tenant is named in the return, as the person whose land was seized on the execution, and the *debtor* is alleged to have refused to choose an appraiser. The word debtor is not named in the return, but is in the execution. By no rule of grammatical construction is the reference to be considered as made to the debtor, whose name is in the return, more than that in the execution. And the refusal by Bean to choose an appraiser is indicated by quite as great a certainty in the return as the refusal of Pike. As in the case referred to, the language of the return may be true, and not obnoxious to the charge of any grammatical impropriety, and the owner of the land in question have had no notice to choose an appraiser. ⸱ *Plaintiff nonsuit.*

Rice, Cutting, May, Goodenow and Davis, JJ., concurred.