FREDERICK A. HIHN *v.* HENRY W. PECK AND FRANCIS BRADY *et als.*

DUTY OF REFEREE.—It is the duty of a referee to act upon the questions committed to him, and to report whatever he is required to report by the order under which he acts.

FINDINGS OF A REFEREE.—When the order of reference requires the referee to try the issues, and report his finding thereon, the referee may make a general finding upon the facts put in issue, stating the facts according to their legal effect.

APPEAL FROM ORDER DENYING A NEW TRIAL.—An appeal from an order denying a new trial must be taken within sixty days from the time the order is entered.

REVIEW OF ORDER DENYING NEW TRIAL.—An order denying a new trial cannot be reviewed on an appeal from the final judgment.

REVIEW OF INTERMEDIATE ORDERS ON APPEAL.—Section three hundred and forty-four of the Practice Act, relating to a review of intermediate orders upon an appeal from a final judgment, relates to such intermediate orders only as are in themselves non-appealable.

REVIEW OF ORDER MADE ON EXCEPTION TO REPORT OF REFEREE.—An order over-ruling an exception to the report of a referee, taken on the alleged ground that the report did not find the facts as required by the order of reference, may be reviewed on an appeal from a final judgment.

REVIEW OF EVIDENCE ON APPEAL FROM A JUDGMENT.—On an appeal from a final judgment, the Supreme Court will not review the evidence to ascertain whether the facts found by the referee are supported by the evidence. The evidence will not be reviewed except on appeal from an order denying a new trial.

PROOF OF SHERIFF'S SALE OF LAND.—A Sheriff's sale of land, on execution, may be proved by the Sheriff's recital of the sale in his deed given to the purchaser, even if the return on the back of the execution does not recite a sale. The Sheriff's sale may also be proved by his recital made on the back of the execution or in the certificate of purchase.

RECITALS IN SHERIFF'S DEED. — It is the official duty of the Sheriff to make a recital in his deed of the judgment, names of judgment debtor and creditor, execution, and the levy and sale thereunder ; and these recitals are entitled to the same weight as evidence as the return on the execution, if one be made.

A DEED WITH A CONDITION SUBSEQUENT.—A deed conveying land *in presenti* for a money consideration, and a covenant by the grantee to perform certain acts, and to be void if the grantee fails to perform these acts, (the grantor to remain in possession until performance,) is not a mortgage, nor are the conditions in such deed conditions precedent.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

The referee merely found the undivided interest which each one of the parties owned in the land, without finding the particular facts upon which he based his conclusion.

The final decree was entered September 14th, 1864, and on the 26th of September, 1864, the appellants filed a statement on appeal. On the 17th day of October, 1861, the referee filed his report, and on the 18th and 25th days of October, 1861, the defendants gave notice of motion for a new trial, and filed statements. It was stipulated that the report and findings of the referee be substituted as the statement on motion for a new trial.

On the 29th day of October, 1861, the defendants also filed exceptions to the report of the referee.

The other facts are stated in the opinion of the Court.

*Sloan & Provines*, for Appellants.

The referee wholly failed to report any finding of facts upon

which to base his ultimate conclusions as to the quantity of interest of the several parties, which are the only conclusions of law reported. All the evidence offered on either side to prove title was admitted by the referee, we believe, without exception, but as to what state of facts he supposed to be established by this mass of evidence, or what precise rules of law he supposed to be applicable to them, we are left wholly in the dark. We have nothing but the ultimate conclusion, that certain of the parties are interested in certain proportions, without any information as to when, or from what source, or by what means, such interests were acquired.

In *Lambert* v. *Smith*, 3 Cal. 408, which was a bill for an account, the Court said: " The report of a referee, like the finding of a Court, should state the facts found and the conclusions of law. Without this the parties would be remediless, and their rights concluded in many cases by the arbitrary decision of a referee. The finding should have been set aside." And the judgment was reversed accordingly.

In *Davis* v. *Caldwell*, 12 Cal. 125, and in *Heredink* v. *Holton*, 16 Cal. 103, the judgments were reversed for the insufficiency of the findings. (See, also, *Duff* v. *Fisher*, 15 Cal. 382, on rehearing; and *Breeze* v. *Doyle*, 19 Cal. 104.)

. The fact of the sale should have been shown by competent evidence independent of the recitals in the Sheriff's deed. For if no sale was made, the deed was void; and to allow the deed itself to prove this essential prerequisite, is to make the deed good without a sale. The deed is not evidence of this recital as against strangers, and least of all as against Porter, who claimed adversely to it. (*Donahue* v. *McNulty*; 24 Cal. 418, and the authorities there cited.)

*R. F. Peckham*, for Respondents.

An attempt was made to set aside or modify the report of the referee, by exceptions to the report; but however correct this practice might be under the old chancery system, it has no place under our statutes. The law is settled in this State that there is in this respect no distinction between common

law and chancery cases; that the only mode of bringing up the facts for review is by motion for a new trial. (*Duff* v. *Fisher*, 15 Cal. 375; Statutes of 1861, p. 589; *Gagliardo* v. *Hoberlin*, 18 Cal. 394.)

The deed from Littlejohn and wife to Hihn has not the first element of a mortgage. Blackstone says a mortgage " is where a man borrows of another a specified sum, *e. g.* £200, and grants him an estate in fee, on condition that if he, the mortgagor, shall repay the mortgagee the said sum of £200 on a certain day mentioned, that then the mortgagor may re-enter on the estate so granted in pledge." (2 Black. Com. 157.) See, also, for the character of mortgages, 7 Bac. Abr. 28, *et seq.* Cruise defines it to be " an estate held as a pledge or security for money borrowed;" and again he says, " a mortgage therefore may be described to be a conveyance of lands by a debtor to his creditor, as a pledge or security for the repayment of a sum of money borrowed, with a proviso that such conveyance shall be void on payment of the money borrowed, with interest, *on a certain day.*" (Greenlf. Cruise, Vol. II, Tit. 15, Chap. IV, pp. 1, 2, 3, 11.) Hilliard says, " a more correct definition of a mortgage, therefore, would seem to be, the conveyance of an estate by way of pledge for the security of a debt, and to become void upon payment of it, or a conditional conveyance of lands, designed as a security for the payment of money, or the performance of some other act, and to be void upon such payment or performance, or an absolute pledge to become an absolute interest if not redeemed at a certain time." (1 Hill. on Mortgages, pp. 1 and 2.) That the *mortgagor* may by the payment of money or the performance of some other act redeem the estate, is of the essence of a mortgage. (7 Bac. Abr. p. 36, *et seq.*)

In the case at bar there is no pledge, *no vadium*. The grantors are to pay no money.

This deed is upon condition subsequent. It is a conveyance *in presenti*, to be defeated by a non-performance of its conditions. Not only the words of conveyance are in the present tense, appropriate and sufficient to pass a present

estate, but there are other words in this instrument which would be inoperative if the condition was precedent. We refer to the covenant that grantors continue in possession. For if the intention of the parties was not to convey a present estate, if the condition was precedent, the grantors would have had no estate, no right to the possession, no right to interfere with the grantors, no covenant from the grantee would have been necessary; there would have been nothing for it to operate upon. (2 Wend. 125 ; *Hayden* v. *Stoughton*, 5 Pick. 528 ; *Police Jury* v. *Reeves*, 18 Mart. 220 ; 4 Bac. Abr. 291–296 ; *Finley* v. *King*, 3 Pet. 346, 373 ; *Taylor* v. *Mason*, 5 Cond. Rep. 595 ; 2 Greenlf. Cruise, 3, and note ; 4 Wend. 125.)

When the judgment is shown and an execution delivered to the officer, we contend that a recital in his deed that he acts under *that* authority, is *prima facie* evidence at least of that fact against strangers. The deed itself, without the recitals, evidences the sale ; the judgment and execution evidence the power, and the recitals are *prima facie* evidence of the officer's acting *under that power*. It is not evidence of the existence of the power ; but when the power is shown *aliunde* then the recital is evidence that the officer acted under it. For this purpose the recital is a substantial requisite in the deed ; without it the deed would be inoperative.

The law is, that when an execution is shown to have been in the hands of an officer, and that he made a deed, that the regularity of his proceedings, including the levy, advertisement, and sale, will be presumed. (3 Phil. Ev., 3d ed., 1850, 459, 460, and cases there cited ; *Hartwell* v. *Root*, 19 John. 354 ; *Marsh* v. *Laurence*, 4 Cow. 461 ; *Terry* v. *Blight*, 3 Mons. 271 ; *Moury* v. *Cooper*, 3 J. J. Marsh, 226 ; *Hanson* v. *Barnes*, 3 Gill. and John. 359.)


By the Court, SHAFTER, J.:

This is an action for a partition. A reference was ordered, and on the coming in of the report it was excepted to by the

defendants.   The exceptions were overruled, and the report was confirmed in its main features by interlocutory decree. Provision was made in the decree for a Commission to make partition among the parties according to their respective rights as settled by the report and the decree thereon, and on the 14th of September, 1864, a final decree was entered in the action.   Four of the defendants—Farnham, administrator of Bates, Brady, Nichols and Porter, appealed from the decrees respectively, and from orders overruling their respective motions for a new trial.

First—One of the exceptions taken to the referee's report was that it did not state the facts found.

## Findings of referee.

It is the duty of a referee to act upon the questions committed to him, and to report whatever he is required to report by the order under which he acts.   The order in this case did not require the referee to report the facts, but to try the issues and report " his findings thereon."   To that extent the order was general and not special.   (*Peabody* v. *Phelps*, 9 Cal. 213.)

That the parties were tenants in common, and that their respective interests were in fee simple absolute, was admitted on the face of the pleadings, and the only point in issue was as to the extent of the interests, the quantity or quality of which was so admitted.   For instance, the plaintiff alleged that he owned thirteen fifty-fourths of the property, while the answers asserted that he owned but one twenty-seventh. The issues, narrowed as they were, undoubtedly involved matters of law as well as matters of fact, and the referee seems to have tried the issues in both elements or branches, and to have reported " his findings thereon," as required by the order.   A jury sworn to try the issues in an action may return a general verdict, and a referee may under like circumstances act in like manner.   The case of *Lambert* v. *Smith et al.*, 3 Cal. 408, cited for the appellants, is not in point, for the Court considered in that case that the order of reference

.called for a report of facts, and the judgment was reversed on the ground that the order had not been complied with in that particular. A Court must, under certain circumstances, find the facts in cases tried by it, but it has been uniformly held that it is not necessary for the Court in its findings to present the results of last analysis, but on the contrary that it would be sufficient if the Court found the facts entering as terms into the legal proposition upon which the prevailing party based his right of recovery. The "facts" which the Court is to find, and the "facts" which a pleader is to state, lie, according to the decisions in this State, in the same plane—that is, in both connections, "facts" are to be stated according to their legal effect. In cases of special verdicts even, if parties would have "facts" entirely free of legal terminology, it behooves them to submit special interrogatories to the jury, so framed that they can be intelligibly answered without using it, and cannot be so answered by using it. (*McEwen* v. *Johnson*, 7 Cal. 258 ; *Breeze* v. *Doyle*, 19 Cal. 105.)

*Review of findings of referee.*

Second—It is insisted on the part of the respondents that the appeal from the order denying a new trial was taken out of time, and, therefore, that the case cannot be reviewed upon the evidence.

The order denying a new trial was made and entered at the April term, 1863, and notice of appeal therefrom was given in February, 1865. That the appeal came too late, does not admit of argument.

The point made by the defendants that the order may be reviewed under the appeal from the final judgment, is not well taken. The section of the Practice Act upon which the appellants rely relates to such intermediate orders as are in themselves non-appealable.

The suggestion that the order overruling the exceptions to the report is "intermediate," under the limitation named, cannot avail the appellants to the extent claimed. The first exception taken was that the report did not set forth the facts,

as required by the order. The order overruling that excep-
tion may have been an intermediate order within the meaning
of the Practice Act, and we have in fact passed upon it as
being within the purview of the appeal from the final judg-
ment. The other exceptions to the report went upon errors
of law occurring at the trial, and upon the ground that the
findings were not supported by the evidence. Admitting the
order overruling this part of the general exceptions to have
been intermediate, still both the exceptions and the order
upon them were contrary to the method of review established
by the Practice Act. The District Court could reach neither
the testimony nor the errors alleged except through a motion
for new trial. (*Headley* v. *Reed,* 2 Cal. 324 ; *Duff* v. *Fisher,*
15 Cal. 375 ; *Gagliardo* v. *Hoberlin,* 18 Cal. 394 ; *Allen* v.
*Fennon,* 27 Cal. 68.)

Third—The errors of law relied on in argument falling
within the compass of the appeal from the judgment, arise
upon the statement made on that appeal, and will be consid-
ered in the order in which they have been presented by
counsel.

### *Recitals in a Sheriff's deed as evidence of a sale.*

The plaintiff having introduced evidence tending to prove,
as he claimed, that one Sinclair became the owner of three
fifty-fourths of the premises in the year 1860, gave in evidence
the judgment roll in *F. A. Hihn* v. *Sinclair et al.,* an execu-
tion issued thereon, together with the Sheriff's return, show-
ing a levy on Sinclair's interest, and that the execution had
been satisfied, but not stating how. This evidence was fol-
lowed by an offer to introduce the Sheriff's deed to the plain-
tiff, containing recitals to the effect that Sinclair's interest in
the property had been purchased by the plaintiff at a sale had
on an execution issued upon the judgment named, in pursu-
ance of notice previously given. The deed was objected to
on the ground that a sale to the plaintiff on the execution in
evidence could not be proved by the recitals in the deed.

The title of a purchaser at a sale of real property on execu-

tion rests upon the judgment, execution, sale and Sheriff's deed. Regularly the deed should recite the recovery of the judgment, the name of the judgment creditor or creditors, and of the judgment debtor or debtors, the issuing of execution on the judgment and the levy and sale thereunder. The judgment and execution go to the Sheriff's power to sell, and to his power to recite a sale, and to his power to give a deed also, and therefore the recitals are not admissible to prove the Sheriff's authority to sell or his authority to recite a sale. To hold otherwise would be to reason in a circle. The power to sell, to recite, and to deed, having its origin in the judgment and execution, must be proved by a production of both under the rule of best evidence ; but when the power has been so proved, the Sheriff becomes, so to speak, the accredited historian of his acts under it. He may narrate his proceedings on the back of the execution and return it into Court, and, with or without that, he may issue a certificate to the purchaser, and both the certificate and return, if made, would, within the limits of the authority delegated to him, be evidence against all persons of the facts stated or recited therein. As already remarked, it is also the official duty of the Sheriff to make a like statement or recital in his deed, and it follows that a recital so made must be entitled to the same effect as an instrument of evidence as all the authorities concede to be due to the official return on the execution if one be made. (*Cloud* v. *El Dorado Company*, 12 Cal. 128 ; *Mitchell* v. *Hockett*, 25 Cal. 542 ; *Swift* v. *Cobb*, 10 Vt. 282.) It was held in *Dufour* v. *Camfranc*, 11 Martin, 675, that the proper evidence of a sale by a Sheriff of immovables is his deed, and that such sale could not be established by parol. The expression in *Donahue* v. *McNulty et als.*, 24 Cal. 411, which has been cited in opposition to these views, though very clearly relating to the general subject, was not essential to the particular point then in judgment. The purpose was to say that parties and privies were estopped by the recitals in a Sheriff's deed, but that strangers were not, which is entirely consistent with the idea that the recitals may be *prima facie* evidence as to them.

Fourth—The plaintiff claimed one twenty-seventh of the property by deed from J. D. Littlejohn and wife; the defendants Porter and Bates objected to the admissibility of the deed on the ground that it was a mortgage. The objection was overruled and exceptions taken.

## Deed with conditions not a mortgage.

The deed purported to convey *in presenti* one twenty-seventh of the property on a money consideration paid, and in consideration, further, of a covenant by the grantee to pay all expenses that might be incurred by Littlejohn in defending a certain lawsuit. It was further stipulated in the deed that the grantors might remain in possession of the property, taking the rents and profits to themselves until the suit should be determined. The deed concluded with the following provision : " It is understood and agreed that the above conveyance shall be void and of no effect if the said party of the second part does not comply with the conditions therein mentioned to be done and performed by him, but otherwise to be absolute and binding."

The deed was not a mortgage, for it was not made to secure a debt due from the grantors to the grantee, nor to secure the performance of any duty due from them to him. The title passed to Hihn on the delivery of the deed, and in so far as any question of security was involved, the condition with which the title was affected in Hihn's hands was for the benefit of the grantors.

The position that the conditions of the deed were conditions precedent is equally untenable. The whole language of the instrument and the manner in which its provisions are adjusted or collocated demonstrate that the clauses were inserted with a view to defeat a title previously vested on the happening of certain contingencies named in the deed. The provision that the grantors might remain in possession and take the rents and profits until the lawsuit should be determined, does not argue that the title was to abide in the Littlejohns during the

37

interval, but pre-supposes that it was not.  But however that may be, it is apparent that the words of reservation to the grantors, and the words of conveyance *in presenti* to the grantee, may operate respectively to the full extent of the terms used and still be in perfect consonance with each other.

Fifth—The defendants also excepted to the ruling admitting the deed of Juan and wife to Hihn.  The deed was like the deed of the Littlejohns to the plaintiff in every substantial particular, and the objections to it urged in argument are the same as those taken to that deed, and must be disposed of in like manner.

Sixth—The deed of Young and wife to Hihn was well executed upon its face, and it was, therefore, properly received in evidence.  The evidence tending to prove that the grantors did not sign the deed at the same time and on the same occasion, and that it was based upon an illegal consideration, goes to the correctness of the findings, and is taken out of the case by the failure of the defendants to appeal in proper time from the order overruling the motion for a new trial.

Judgment affirmed.