J. N. BLOOD, Respondent, *v.* E. LIGHT, Appellant.

Levy of an Execution.—Section 217 of the Practice Act.—Under the provision of the statutes of this State, the levy of an execution has no further effect than to fix the date or commencement of the Sheriff's title, as against all persons who are not parties to the writ.

Purchaser's Title to Property Bought at a Sheriff's Sale.—The purchaser of property at a Sheriff's sale, is only required to show a sale, and the authority of the officer to make it; the judgment and execution prove the latter, and the deed the former.

Idem.—The validity of a purchaser's title is unaffected by the failure of the officer to make a seizure of the land in the mode or by the steps prescribed in the statute; his power to sell comes from the judgment and execution, and is not to be measured by his proceedings under the writ; if he sold the land by a description sufficiently certain, the title of the debtor, as against the parties to the writ, will pass, unless redeemed in due time.

Levy of an Execution on Land.—Any act on the part of the officer showing the intent to sell the specific land, and to subject it to the satisfaction of the judgment, constitutes a "*levying*" of the execution as against the defendant in the execution; and the performance of the acts described in the statute as a levying of the execution, is material, only, in reference to the rights of third parties, or persons who are not parties to the writ.

Recital of Execution in a Sheriff's Deed.—If the execution is erroneously recited in a Sheriff's deed, it will not affect the validity of the deed if the Sheriff, in fact, had authority to sell.

Appeal from the District Court of the Second District, Plumas County.

The variance between the execution recited in the officer's deed and that offered in evidence, referred to in the opinion, consisted in this : that the latter directed the officer to make the amount of the judgment " out of the real property of A. & E. Light;" while by the former he is commanded to make the judgment out of the real property of the same parties *belonging to them* "*on the* 23*d day of August,* 1867."

The other facts in the case are stated in the opinion.

*Van Clief & Gear,* for Appellant.

*First*—The sale under which plaintiff claims title was void, for the reason that no levy, of any kind, was made upon the property sold.

. The sale was made under a Justice's judgment, without any attachment or judgment lien upon the property, and

without any proceedings being had to affect the property by any levy or lien whatsoever.

A levy under execution, upon real property, is required to be made in the same manner as under a writ of attachment; *i. e.* by serving a copy of the writ upon the occupant, and filing a copy, with a description of the property attached, with the Recorder of the county, and, "*until a levy, property shall not be affected by the execution.*" (Practice Act, Sec. 217.)

The title of a purchaser at Sheriff's sale depends as well upon the *levy* as upon the judgment, execution, sale and deed. (*Cloud* v. *El Dorado County*, 12 Cal. 128; *Morton* v. *Edwin*, 19 Vermont, 77; *Mitchell* v. *Kirkland*, 7 Conn. 228; *Sleeper* v. *Newbury Seminary*, 19 Vermont, 451; *Castner* v. *Symonds*, 1 Min. 427; *Ware* v. *Barker*, 49 Maine, 358; *Woodward* v. *Gates*, 4 N. H. 548; *Benson* v. *Smith*, 42 Maine, 414; *Williams* v. *Amory*, 14 Mass. 20; *Elliott* v. *Knott*, 14 Md. 121; *Waters* v. *Duvall*, 11 G. & J. 37; *Brown* v. *Dickson*, 2 Humph. 395; *Howe* v. *Blanders*, 21 Vermont, 315.)

*Second*—The officer's return shows no levy, and there was in fact no levy; but respondent contends that we are estopped by the recital in the deed, and that the same is to be taken as conclusive evidence of a levy which did not in fact exist.

This proposition is not consonant with reason or justice, and we think it is not law.

Our statute makes it the duty of a Sheriff or constable to return process, with a certificate of his proceedings endorsed thereon, and gives an action against him for a false return, but it nowhere requires him to recite such proceedings in his deed, nor does it give an action against him for a false recital.

We admit that such recital is *prima facie* evidence of the fact recited, but we deny its conclusiveness.

The defendant in the execution was not a party to the deed, but claims adversely to it, and the recital does not therefore bind him by estoppel. (*Donohue* v. *McNulty*, 24 Cal. 418.)

We do not understand the doctrine of this case to be qualified in *Hihn* v. *Peck* (30 Cal. 288), further than to make such

recitals *prima facie* evidence against those who are not actual parties to the deed. They are *not conclusive*, except as between the officer and the purchaser, who are bound by a technical estoppel.

We cannot find that such recitals have ever been treated as more than *prima facie* evidence against the defendant in the execution, and there is no reason why they should be. (*Simmons* v. *McKissick*, 6 Humph. 259; *Lloyd* v. *Anglin*, 7 Yerger, 428.)

The recital in the case at bar is merely of a conclusion at law, and states no acts constituting a levy under the statute, and it would be hard, indeed, to hold that it affords conclusive evidence that the officer had served the writ and filed the copy with the Recorder, when he makes no such statement, and evidently does not intend to, and when the contrary is the truth. (*Henry* v. *Tilson*, 19 Vermont, 447; *Perry* v. *Dover*, 12 Pick. 206; *Wellington* v. *Gale*, 13 Mass. 483.)

*Third*—The constable's deed was inadmissible in evidence, for the reason that it purports upon its face to have been executed under and by virtue of another and different execution from that in evidence, and that no evidence was offered tending to connect the deed with the execution in evidence.

*J. M. Burt* and *W. C. Belcher*, for Respondent.

*First*—That the defendant, in execution under which his real property is sold, and the constable or Sheriff making the sale, are estopped from denying the recitals of the Sheriff's or constable's deed. (*Donahue* v. *McNulty*, 24 Cal. 417; *Hihn* v. *Peck*, 30 Cal. 287 ; 2 Cowen & Hill's Notes, 571 ; *Townsend* v. *Olin*, 5 Wend. 207; *Toomey* v. *Purkey*, 1 Mill. S. C. 159—side page 326; *Stuckey* v. *Crosswell*, 12 Rich. S. C. 278.)

*Second*—A sale under execution cannot be impeached collaterally. (*Blaine* v. *The Charles Carter*, 4 Cranch. 378; *Wilson* v. *Watson*, Peters, C. C. 269.)

*Third*—Plaintiff in ejectment, claiming under a constable's deed, must show the judgment, execution and the deed of the officer. The return of the officer endorsed upon the execu-

tion is not a necessary part of his proof, and the sale will not be invalidated though the officer have made a defective return, or no return at all. (*Cloud* v. *El Dorado County*, 12 Cal. 133; *Jackson* v. *Sternbergh*, 1 John Cas. 153.)

*Fourth*—As between the defendant in the execution and the purchaser, the Sheriff is the agent of the defendant. (*Den* v. *Winans*, 2 Green, N. J. 1.)

*Fifth*—It appearing that the execution offered in evidence is the same under which the officer sold, if recited inaccurately in the deed, the variance will not affect the deed. (*Jackson* v. *Pratt*, 10 John, 381; *Wilson* v. *Campbell*, 33 Ala. 249.)

*Sixth*—The judgment and execution in this case are correctly recited in the deed, and the addition in the recital of the words "*on the* 23d *of August, A. D.* 1867," after the words, "then he should cause the amount of said judgment to be made out of the real property belonging to said judgment debtors," do not make a variance. They may be regarded as surplusage.

SANDERSON, J., delivered the opinion of the Court:

This is an action of ejectment, founded in part upon a constable's sale and deed. The judgment in the Court below passed for the plaintiff, and the defendant has brought the case here.

At the trial, a judgment rendered on the 27th of August, 1867, in the Court of A. F. Blood, a Justice of the Peace of Plumas County, in favor of Hugh Mullen and against A. and E. Light (the latter being the defendant in this action), doing business as Light & Brothers, for $293 10, and costs, taxed at $31 50, was offered in evidence by the plaintiff, and admitted without objection.

The plaintiff next offered an execution which had been issued upon said judgment, with a return thereon, which showed a sale of the premises in question to one Clark; but was otherwise entirely silent as to whether a levy had been made prior to the sale. The defendant objected to the admission of the return, because it failed to show that any

levy had been made, or that the sale had been made by virtue of a levy under the execution, which objection was overruled, the defendant excepting.

The plaintiff next offered a constable's deed to Clark, of the premises in question, which recited the judgment and execution aforesaid, and a levy and sale thereunder, to Clark. To the admission of the deed, the defendant objected, upon the ground that the execution recited in the deed differed materially from that which had been given in evidence, and upon the further ground, that, without a levy, no title could have passed, and no levy had been shown as yet. These objections were also overruled, the defendant excepting. The plaintiff proved, lastly, that whatever title Clark took by the constable's deed, had come to him by mesne conveyances, and rested.

The defendant, in response to the plaintiff's case, put the constable upon the stand, and proposed to prove by him that the recital of a levy in the deed was false,· and that no levy was, in fact, made. To this the plaintiff objected, upon the ground that the defendant having been defendant in the judgment and execution under which the sale had been made, was estopped by the constable's deed from denying the regularity of the constable's proceedings, or the truth of his recitals, which objection was sustained, the defendant excepting.

The fact that the officer had failed to expressly state a levy in his return, was no reason why the return should be excluded. It stated a sale, and although not indispensable, was admissible to prove the sale of the premises to Clark, if the plaintiff thought proper to introduce it for that purpose.

It is settled in this State, that a purchaser at a sheriff's sale does not depend, in any respect, for his title, upon the return of the Sheriff. In deraigning his title, he may use the return, if there is one which is satisfactory to him, for it is legal evidence for him of the official acts which it recites, but in no case is he *required* to introduce it, and in no case can he be prejudiced by it, whatever be its terms. He is only required to show a sale, and the authority of the officer to make it; the judgment and execution prove the

latter, and the deed the former. He is bound to see that there is a judgment which is not *void,* and an execution which is regular upon its face; but as to all the acts of the officer under the execution which precede the sale, he may rely upon the legal presumption that they have been duly performed; that the officer has found no personal property; that he has seized upon the land which he is about to sell, and that he has advertised the sale as required by law. (*Cloud* v. *El Dorado County,* 12 Cal. 133; *Clark* v. *Lockwood,* 21 *Id.* 224; *Moore* v. *Martin,* present term.) The statute is directory, so far as it deals with the manner in which the officer is reqired to execute the writ (*Smith* v. *Randall,* 6 Cal. 50, *Webber* v. *Cox,* 6 Monroe, 110, *Hayden* v. *Dunlap,* 3 Bibb, 216), and hence, although his failure to comply with its provisions may be sufficient cause to set the sale aside, upon the application of the parties to the writ, yet, it does not render the sale void. (*San Francisco* v. *Pixley,* 21 Cal. 59.) It is the policy of the law to uphold judicial sales when collaterally attacked, by securing purchasers, as far as possible, without prejudice to others, against risk. Such a course is to the interest of both creditors and debtors, who would be alike prejudiced by a rule which would tend to the insecurity of titles obtained in that way. It is no obstacle to this policy to require the purchaser to take the risk of the officer's authority to sell, for that can be readily determined by an inspection of the judgment and execution under which he is acting, but to require him to ascertain and determine whether the officer has left a copy of the writ with the occupant of the land; or, if there was no occupant, that he has posted a copy upon the premises, and filed another copy, with a description of the land, with the County Recorder, in cases where the land stands on the records of the county in the name of the defendant in the execution; or, when it stands upon the records in the name of some other person, that he has left with such person, or his agent, a copy of the writ and a notice, that the land (describing it), and any interest which the defendant has therein, has been seized under the writ, and that he has filed a copy of the writ and notice with the Recorder of the county, and left

another copy with the occupant of the land; or, if there was no occupant, that he has posted a copy in a conspicuous place on the land; that the judgment debtor has no personal property; that the land is being sold in appropriate parcels, or that it is being sold according to the directions of the judgment debtor, and that it has been advertised according to law, would amount almost to an inhibition upon judicial sales, and tend greatly to the sacrifice of the land, to the prejudice of all the parties concerned. Guided by these considerations, the Legislature has nowhere provided that the validity of a purchaser's title shall depend upon the manner in which the officer has performed his duty; but, on the contrary, without any limitation or qualification to that effect, has provided that "upon a sale of real property, the purchaser shall be substituted to, and acquire all the right, title, interest and claim of the judgment debtor thereto." (Sec. 299.) Whether the officer has performed his duty, lies between him and the parties to the writ, and the purchaser cannot be prejudiced by his remissness or neglect.

. The cases cited to the contrary from Tennessee (*Trott* v. *McGavock*, 1 Yerg., 469, *Rogers* v. *Jennings*, 3 *Id.* 308, *Loyd* v. *Anglin*, 7 *Id.* 428, *Mitchell* v. *Lipe*, 8 *Id.* 181), are founded upon a statute which provides in terms "that every sale of land under execution, made contrary to the provisions of this Act, shall be *null* and *void* to all intents and purposes." It was under this clause that it has been held in that State that the purchaser must not only show a compliance on the part of the officer with all the directions of the statute, but that a return of the officer to that effect may be contradicted by parol testimony. There being no such or similar provision in the statute of this State, the cases referred to are not in point.

The same is true of the cases cited from New England (19 Vt. 77, 451; 21 *Id.* 315; 14 Mass. 20; 49 Me. 358.) They are cases of title derived under a statute extent or title of record. In such cases the doings of the officer, in making the extent, must be returned, for they are to be entered of record, and when recorded they make a title to the creditor as against the debtor, his heirs and assigns. Under such

statutes the land of the debtor is not sold, but is appraised by three disinterested freeholders and set apart, by metes and bounds, to the creditor. No deed is to be given, but the return of the officer, showing his proceedings in full, is to be recorded and stand in the place of a deed. It may well be held, under such statutes, that the return of the officer must show a full compliance with all the provisions of the statute in relation to the manner of executing the writ, and that it cannot be added to or contradicted by parol; but it is obvious that cases arising under statutory provisions so radically different can give no aid in the construction of the statute of this State.

The statute of this State, however, contains a clause upon which much reliance is placed by counsel in support of the proposition that the purchaser must prove a statutory levy, or that a statutory levy is indispensable to the validity of his title. This clause is found at the close of the 217th Section, and reads thus: "Until a levy, property shall not be affected by the execution."

It is argued that this clause is equivalent to a formal declaration on the part of the Legislature, like that just referred to in the statute of Tennessee, that no title shall pass unless there has been a levy by *such acts* as the statute prescribes.

The purpose intended to be subserved by this clause of the statute is not the purpose suggested by counsel. By its use a mischievous rule of the common law was annulled, and nothing more.

By the common law all judgments had relation to the first day of the term at which they were rendered, and an execution could be issued and tested as of that day; and also by the common law the goods of the defendant were bound by the execution from its date. Under this rule the title of the Sheriff was better than that of a *bona fide* purchaser who may have purchased the goods of the defendant in the execution even before any judgment was in fact entered against him, or an execution awarded. (Anonymous, 1 Croke, 174; *Boucher* v. *Wiseman, Id.* 440.) To avoid the mischiefs which resulted from such a rule, it was enacted in

the statute against frauds and perjuries of 29 Car. II. Ch.
III. Sec. 16 (English Statutes at Large, 12 Cha. to 7 and 8
Will. 3, page 430:) "That no writ of *fieri facias* or other
writ of execution shall bind the property of the goods,
against whom such writ of execution is sent forth, but from
the time that such writ shall be delivered to the Sheriff,
Under Sheriff, or Coroners, to be executed." By this
statute the evils of the former rule were much lessened, but
not entirely obviated, for the defendant in the execution
might sell to a *bona fide* purchaser after the delivery of the
writ to the officer, and before he had undertaken its execu-
tion in such a manner as to give notice of his title. The
statute of this State, in providing that until a levy, property
shall not be effected by the execution, has gone further than
the English statute, and has entirely obviated the evils of
the common law rule.

Such being, as we consider, the sole purpose of the clause
in question, it follows that the seizure or the taking of the
property into the custody of the officer, in the manner de-
scribed in the statute, has no further effect than to fix the
date or commencement of the Sheriff's title as against all
persons who are not parties to the writ. If, in the case of
personal property, the officer has made no seizure until the
day of the sale, the sale is nevertheless valid as against the
defendant in the execution, but the title transferred by the
sale cannot antedate the day of the sale as against *bona fide*
purchasers, or other creditors who may have acquired a lien
upon the goods. (*Allentown Bank* v. *Beck*, 49 Penn. State
R. 409.) So in the case of land. If the judgment under
which the sale is made is a lien, the title dates from the
docketing of the judgment as against third persons, and not
from the date of any real or pretended statutory levy. If,
as in the present case, the judgment is not a lien, the title
as against third persons dates from the statutory levy, if
there was one, and if not, from the filing of the certificate
of sale describing the land with the Recorder of the county.

Upon this branch of the case our conclusion is that the
validity of the purchaser's title is unaffected by the failure

of the officer to make a seizure of the land in the mode or by the steps described in the statute; that his power to sell comes from the judgment and execution, and is not to be measured by his proceedings under the writ; that if he sells the land by a description sufficiently certain, the title of the debtor as against the parties to the writ will pass unless redeemed within the time prescribed by the statute; that any act on the part of the officer showing an intent to sell the specific land and subject it to the satisfaction of the judgment, followed by a sale, constitutes a *levying* of the execution as against the defendant (see Bouvier's Law Dictionary, word "levy"); that the performance of the acts described in the statute as a levying of the execution is material only in reference to the intervening rights of third persons, or persons who are not parties to the writ; that it is, undoubtedly, the duty of the officer to proceed strictly according to the statute, and if he does not do so, the sale may be set aside, upon motion, or he may be made to respond in damages to any one who has been injured by his neglect; but it would be gross injustice to hold that by proof of such neglect, made, perhaps, years after the sale, the purchaser's title shall be defeated.

Were we to hold that a seizure, such as is described in the statute, is indispensable to pass the title, we should still have to sustain the judgment of the Court below. The deed recites a levy, which recital is not only evidence of a levy (a judgment and execution having first been shown), but it is conclusive evidence, as against this defendant, who was a party to the execution. (*Donahue* v. *McNulty*, 24 Cal. 417; *Hihn* v. *Peck*, 30 Cal. 287.) Moreover, if the deed contained no such recital, the defendant would be estopped nevertheless from questioning in any respect the plaintiff's title. The constable's deed is the defendant's deed. The grant is as much his as if he had signed the deed, and, therefore, he can make no defense against the deed. (*Dodge* v. *Walley*, 22 Cal. 224; *McDonald* v. *Badger*, 23 Cal. 399.) Said Justice Washington, in *Lessee of Cooper* v. *Galbraith* (3 Wash. C. C. R. 550), "The Sheriff is empowered by law to convey by deed to the purchaser, under an execution, all the right,

title, interest and estate of the defendant, as fully as the defendant himself, or an attorney empowered for that purpose by him, could have done. The officer, in fact, acts as such attorney, appointed for that purpose by law. The purchase money is paid to the defendant in the execution, or is applied to his use in discharge of his debt, between whom and the purchaser the law raises a contract in like manner as if the conveyance had been made by him. The cases cited by the plaintiff's counsel are full to the point, that the purchaser under an execution, in an ejectment against the defendant in the execution, or one claiming under him, need not show any other title than a *judgment, execution and Sheriff's deed;* and that the defendant will not be permitted to controvert such title by showing it to be defective, or by setting up a better outstanding title in a third person." To the same effect is the language of Ch. J. Hornblower, in *Den* v. *Winans* (2 Green, N. J. 6.) Such being the case, it would be idle to require the purchaser to prove a levy, for that would be to require proof of a fact which cannot be disputed.

The alleged variance between the execution recited in the deed and the execution in evidence is not material in any event. While it is the usual and proper course to recite in the deed the authority of the officer, such recitals are not indispensable to the validity of the deed; and, hence, if the execution is erroneously recited, it will not affect the validity of the deed if the officer, in fact, had authority to sell. (*Jackson* v. *Pratt*, 10 John. 381.)

Judgment and order affirmed.