[Department One.—June 15, 1883.]

MARTIN KELLEY ET AL., APPELLANTS, v. THOMAS DESMOND, SHERIFF, ETC., RESPONDENT.

EXECUTION—SALE WITHOUT NOTICE—AGGRIEVED PARTY.—A purchaser at an execution sale is not an "aggrieved party" within the meaning of section 693 of the Code of Civil Procedure, which prescribes a penalty for selling real property without notice, recoverable by the party aggrieved. (McKEE, J., and McKINSTRY, J.)

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*J. C. Bates*, for Appellant.

*Clitus Barbour*, for Respondent.

McKEE, J.—On the 20th of December, 1879, Margaret Kelly, wife of her co-plaintiff Martin, purchased, at execution sale, a tract of land which had been levied upon by the defend-

ant, as the sheriff of the city and county of San Francisco, under an execution regularly issued upon a valid judgment rendered November 22, 1879. In the complaint in the action, out of which the case arises, the pleader alleges that the interest of the execution debtor was of great value; that the purchaser paid to the sheriff the amount of her bid as the purchase money of the land; and that, after the payment, she discovered that the sale had been made without giving the notice prescribed by section 692 of the Code of Civil Procedure. But it does not appear that, upon that discovery, she took any steps to set aside the sale, or to have her purchase money returned to her. On the contrary, it does appear that she stood on her rights as a purchaser, and, after the time for redemption had passed, she demanded of the sheriff a deed to the land, but he refused to execute it.

Unquestionably, upon that refusal, she had her remedy. She might have resorted to a writ of mandamus to compel the execution and delivery of a deed, or she might have sued him in damages for a refusal to execute it. But instead of resorting to either of those remedies, the plaintiffs brought this action to recover the penalty prescribed by section 693, Code of Civil Procedure, for selling real property under execution, without notice. That section provides as follows:—

"An officer selling without the notice prescribed by section 692 forfeits five hundred dollars to the party aggrieved, in addition to his actual damages"; and the question arises, whether a purchaser at execution sale, without notice, is the "aggrieved party" within the meaning of the section.

We think he is not. Such a sale is either valid or invalid; it passes the title to the purchaser or it does not. If it be a nullity and passes no title, the purchaser sustains no injury, and no right of action for the forfeiture accrues. Such an action is not maintainable even by a party to the execution, unless he has been deprived of his property by a sale under it without notice (*Askew* v. *Ebberts*, 22 Cal. 265); and if he has been deprived of his property by reason of the fact that it has passed from him by the sale to a purchaser at the sale, then the latter is not injured, for he has obtained what he bought.

Now, the real property of an execution debtor, levied on to

satisfy the judgment upon which the execution issued, *does* pass to the purchaser at the sale, whether it was made with or without notice, unless the sale be void for want of authority to make it. If authorized, the purchaser is entitled, after the time for redemption expires, to his deed, and may compel its execution and delivery. The deed is conclusive evidence of the facts of the sale as recited in the deed. (*Hihn* v. *Peck*, 30 Cal. 287; *Blood* v. *Light*, 38 Cal. 653; *Mayo* v. *Foley*, 40 Cal. 281); and it vests him with the title of the execution debtor. Proof of the execution of a deed, and of the judgment and execution are sufficient for recovery by him in ejectment against the debtor. The purchaser is therefore concerned only with the judgment, execution, and sale, as evidenced by his deed (*Cloud* v. *El Dorado Co.* 12 Cal. 133; *Blood* v. *Light*, *supra*); upon them his title depends, and it is not affected or impaired by any irregularities of the officer making the sale. (*Reeve* v. *Kennedy*, 43 Cal. 650; *Mayo* v. *Foley*, *supra*.) If notice of the sale has been defectively given, or has not been given at all, it does not prejudice the right which the purchaser has acquired. Questions, therefore, appertaining to the notice, as well as all others which merely relate to irregularities, are between the officer selling and the parties to the execution. (Rorer on Judicial Sales, § 716; *Blood* v. *Light*, *supra*.) They are the only parties aggrieved; and from any injury resulting from such irregularities they are the only parties entitled to the remedy given by section 693, *supra*. A purchaser to whom the sale passes the legal title of the execution debtor is not an aggrieved party, and is not entitled to sue for the penalty prescribed by the section.

We find nothing in *Sexton* v. *Nevers*, 20 Pick. 451, which is in conflict with this conclusion. That was an action on the case by a purchaser at execution sale, who was the plaintiff in execution, against an officer to recover damages for neglect of the officer to comply with the requisitions of the law in selling real property, in consequence of which the plaintiff had been deprived of the property. The acts or omissions of the officer were such as, under the laws of Massachusetts, rendered the sale wholly invalid, and nothing passed to the plaintiff by the officer's deed. Therefore the plaintiff was held entitled to maintain an action against the officer for the neglect of duty by which he had been

injured. But the case has no application to the question involved in the case before us,

Judgment affirmed.

McKinstry, J., concurred.

Ross, J., concurred in the judgment.

Hearing in Bank denied.