QUIÑONES ET AL., DEMANDANTES Y APELADOS, *v.* OZORES ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Segundo Distrito, en pleito sobre desahucio y cobro de alquileres.

No. 2815.—Resuelto en noviembre 10, 1922.

JURISDICCIÓN—COMPETENCIA—SUMISIÓN DE LAS PARTES.—En este caso el demandante presentó su demanda en una corte que aunque tenía jurisdicción no tenía competencia; el demandado se personó en juicio pero en vez de pedir el traslado del pleito se limitó a presentar una excepción previa de falta de jurisdicción. *Se resolvió:* que las partes, por sus actos, dieron a la corte la competencia de que carecía y por tanto que la corte conoció válidamente del pleito.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *Texidor & de la Haba.*

Abogado de los apelados: Sr. *Juan de Guzmán Benítez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

No se siguió en este caso el procedimiento especial de

desahucio. Las demandantes alegaron que habían arrendado al demandado Ozores cierta finca urbana de su propiedad por término de dos años y canon de ciento veinte y cinco dólares mensuales pagaderos por mensualidades vencidas, habiéndose constituído en fiador de Ozores el otro demandado Zalduondo, y que habían transcurrido los meses de julio, agosto y septiembre de 1921 sin que el arrendatario ni el fiador satisficieran los arrendamientos no obstante haber sido requeridos para ello, por todo lo cual solicitaron de la corte que dictara sentencia condenando a los demandados al pago de trescientos setenta y cinco dólares más los alquileres que vencieran hasta que las demandantes fueran puestas en posesión de su finca, decretándose además el lanzamiento del demandado Ozores. La demanda se radicó en octubre de 1921 en la Corte de Distrito de San Juan, Segundo Distrito.

Emplazado el demandado Ozores, en noviembre 25, 1921, radicó una excepción previa alegando que la corte no tenía jurisdicción sobre su persona por residir en la ciudad de San Juan. Alegó además que el caso se había originado en San Juan, correspondiendo, de acuerdo con la ley No. 41 de 1921, el conocimiento del mismo a la Corte del Primer Distrito.

Celebrada la vista de la excepción, fué declarada sin lugar el 2 de diciembre de 1921 concediéndose diez días a los demandados para contestar la demanda. Ozores no contestó. Fué acusada su rebeldía y finalmente el 12 de mayo de 1922 se dictó sentencia declarando con lugar la demanda en cuanto al mismo. Contra esa sentencia interpuso el demandado Zalduondo el presente recurso de apelación.

El único error que se señala es el siguiente: La Corte de Distrito de San Juan, Segundo Distrito, erró al considerarse con jurisdicción sobre este pleito, porque según la Ley No. 41 de 1921, la jurisdicción correspondía a la Corte del Primer Distrito del Distrito Judicial de San Juan.

Interpretando la ley No. 41, de 1921, en el caso de *Toro*

y *Lippitt* v. *La Corte de Distrito de San Juan, Segundo Distrito*, 30 D. P. R. 542, el Tribunal Supremo se expresó así:

" * * * La ley otorgó a cada una de las dos creadas la misma jurisdicción que tienen las otras cortes de distrito que actúan en la Isla y dijo luego que con arreglo a esa jurisdicción cada corte conocería de todos los asuntos civiles y criminales que se originaran en determinados pueblos del distrito. Siendo esto así y no habiendo fijado el legislador reglas especiales para el traslado, se ve clara su intención de que se apliquen las generales que prescribe la ley para todas las cortes de distrito de la Isla. * * * "

30 D. P. R. 542.

No se trata de una verdadera cuestión jurisdiccional. La materia del pleito ordinario aquí seguido es común a todas las cortes de distrito. No obstante estar situada la casa arrendada y haberse celebrado el contrato de arrendamiento en San Juan, y corresponder, por tanto, el conocimiento del litigio a la Corte de Distrito de San Juan, Primer Distrito, las partes pudieron someterse a la del Segundo.

¿Se sometieron? A nuestro juicio la pregunta debe contestarse en la afirmativa. Las demandantes quedaron sometidas por el mero hecho de acudir a la corte interponiendo la demanda. Artículo 77 del Código de Enjuiciamiento Civil, No. 2, y los demandados quedaron también sometidos porque después de personados en juicio en vez de pedir el traslado del pleito se limitaron a presentar la excepción previa indicada. Artículo 77 citado, No. 3. Debe hacerse constar que el demandado Zalduondo también compareció en el pleito limitando su actuación a archivar una excepción previa semejante a la archivada por el otro demandado Ozores.

Habiendo llegado a la conclusión que antecede, se hace innecesario estudiar y resolver otra cuestión suscitada por la parte apelada relativa a la falta de derecho para apelar por parte de Zalduondo.

Debe confirmarse la sentencia recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Aldrey y Franco Soto.

El Juez Asociado Sr. Hutchison firmó: "Conforme con la sentencia."

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.