SOLÁ, DEMANDANTE Y APELANTE, *v.* CASTRO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre reivindicación e inexistencia de transferencias de fincas.

No. 2934.—Resuelto en febrero 19, 1924.

EJECUCIÓN DE SENTENCIA—MANDAMIENTO DE EJECUCIÓN ENDOSADO POR EL MÁRSHAL—VENTA JUDICIAL NULA.—En el presente caso una orden de ejecución fué dirigida al Márshal de la Corte de Distrito de San Juan, donde se había dictado sentencia, pero como la propiedad que había de subastarse radicaba en el distrito de Humacao, y su autoridad para vender propiedades solamente es coextensiva con el límite territorial de su distrito, dicho márshal endosó la orden al márshal de Humacao, quien vendió la finca en subasta pública. *Se resolvió:* que el endoso de la orden de ejecución no daba autoridad al márshal de Humacao. El márshal de San Juan no tenía autoridad para ello y no puede considerarse su actuación como mera irregularidad o error anulable únicamente por ataque directo en el mismo pleito y entre las mismas partes. En realidad no hubo orden de ejecución que fuera dirigida al márshal de Humacao, y la venta de la propiedad por éste, aunque radicada en su propio distrito, fué nula y no anulable, sin eficacia ni valor legal alguno en virtud de lo dispuesto en el artículo 245 del Código de Enjuiciamiento Civil.

VENTA JUDICIAL—COMPRADOR NEGLIGENTE.—Un comprador inocente en venta judicial no tiene que preocuparse ni inquirir sobre los meros errores de procedimiento, pero es su deber investigar la capacidad o poder en virtud del o de la cual el márshal ejerce su autoridad, y cerciorarse de su facultad jurisdiccional para verificar una venta. (*Blood* v. *Light,* 38 Cal. 654.)

VENTA JUDICIAL NULA—CONTRATOS NULOS—PRESCRIPCIÓN.—El término de prescripción de cuatro años que se fija por la ley para las acciones de nulidad no corre cuando se trata de contratos inexistentes.

ID.—FRUTOS PERCIBIDOS—BUENA FE.—*Se resolvió* en este caso que si bien la venta judicial fué inexistente, el comprador adquirió con buena fe, por lo que no debía reintegrar los frutos percibidos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Arce.*

Abogados de los apelados: *Sres. M. Tous Soto* y *F. González.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Dos son las acciones que se ejercitan en la demanda del presente caso, en apelación ante esta corte. Por la primera se solicita la reivindicación de determinada finca rústica, y por la segunda, se pide la declaración de nulidad del título de los demandados, fundándose dicha acción en vicios de procedimiento, alegándose para ello que en el pleito seguido ante la sección 2ª. de la Corte de Distrito de San Juan por el Banco de Puerto Rico contra Solá e Hijos, Solá Argüelles y Co. y la Sucesión de Modesto y Celestino Solá, se expidió por el Secretario de dicha corte al márshal de la misma una orden de ejecución de la sentencia dictada a favor del demandante y cuyo mandamiento fue endosado al márshal de la Corte de Distrito de Humacao, quien actuando bajo tal delegación subastó la finca que es objeto de la primera causa de acción, adjudicándola al demandado Francisco Robledo siendo poco después traspasada en venta a Manuel Castro, otro de los demandados. Este último alegó desconocer en absoluto todas las circunstancias alegadas sobre el título de adquisición de la finca descrita en la demanda por parte de Francisco Robledo, alegando a su vez este demandado que la demandante es uno de los componentes de la Sucesión de Modesto Solá y que al adquirir en la división de bienes de su causante la finca objeto de este pleito, lo hizo con la obligación de pagar una deuda al Banco Comercial de Puerto Rico, y no habiéndolo verificado, dicho Banco reclamó el pago de la deuda, embargando la finca que fué subastada y adjudicada a dicho demandado. Se alegó además la ratificación de la venta judicial por la demandante, quien asimismo no compareció en el pleito en el cual tuvo lugar la subasta para solicitar la nulidad del embargo y la venta de la finca. Se estableció también que la acción había prescrito.

Visto el pleito en sus méritos, la corte inferior declaró

sin lugar la demanda y no conforme la demandante interpuso esta apelación, señalando en su alegato la comisión de dos errores por la corte inferior, a saber:

"1. El tribunal sentenciador cometió error de derecho al estimar que los vicios procesales acusados por la demandante en el procedimiento judicial en que tuvieron lugar la subasta y la adjudicación del inmueble objeto de demanda no producen la inexistencia de tal adjudicación sino solamente la nulidad de ella y que tal nulidad solamente puede ser invocada contra las partes en el litigio y ejercitada mediante ataque directo en el pleito en que tuvo lugar.

"2. La Corte de Distrito de Humacao cometió error de derecho al no condenar a Francisco Robledo, una vez establecida la anterior doctrina, a rendir cuenta a la demandante del producido de la subasta y pagarle la cantidad que a favor de dicha demandante resultare de tal rendición de cuenta, de acuerdo todo ello con la propia declaración de Francisco Robledo, uno de los demandados en este caso."

Con relación al primer error señalado diremos que los hechos esenciales de la demanda no se discuten. Se admite y así resulta de la prueba que la finca reclamada pertenecía a la demandante, a quien se le adjudicó en la partición de bienes de su padre Modesto Solá para pagar su legítima y además para que ella pagara ciertas deudas, entre las cuales se encontraba la del Banco Comercial de Puerto Rico. Esta institución reclamó su deuda y en la ejecución de la sentencia que fué dictada a su favor por la Corte de Distrito de San Juan, Sección Segunda la orden de ejecución fué expedida al márshal de dicha corte y luego endosada por éste al márshal de la Corte de Distrito de Humacao, en cuyo distrito judicial radicaba la finca, procediendo este último funcionario a la subasta del inmueble el cual fué adjudicado al demandado Francisco Robledo.

La cuestión legal así planteada es determinar si el hecho de haber sido endosada la orden de ejecución del márshal de San Juan al márshal de Humacao radicando en este último distrito judicial la finca objeto del remate, puede

afectar el título de los demandados como consecuencia de la adjudicación de que fué objeto la finca al demandado Robledo, haciendo dicho título inexistente o sin valor legal alguno.

La corte inferior a este respecto dice en su opinión:

"Bajo la ley común (*common law*) se sostuvo la nulidad absoluta. Los estados en un principio sostuvieron esa doctrina, contra la cual comenzaron a formularse serias impugnaciones, dándose lugar a una gran oposición entre las decisiones de los distintos estados y aún oposiciones extraordinarias en algunos de ellos. Pero la doctrina moderna, de aceptación general basada en preceptos semejantes a los de nuestro código de aplicarse una interpretación liberal así a las alegaciones como a los mandamientos no jurisdiccionales, se ha decidido en el sentido de que la irregularidad en la dirección del mandamiento de ejecución no anula la orden de ejecución, sino que la hace anulable y por tanto la petición ha de formularse mediante ataque directo, en el procedimiento en que fué expedida y sólo surte efectos en contra de las partes más no en contra el adquirente en la subasta que no fué parte en los procedimientos."

Los principios enumerados por la corte inferior suavizando las reglas rígidas de la ley común se refieren a defectos o meras irregularidades contenidas en el mandamiento, en su expedición o en los procedimientos para su ejecución. 23 C. J. 756.

Estos defectos son meros errores clericales como cuando se omite el nombre de "El Pueblo" o el nombre del márshal a quien va dirigido, (3 Estee 662) o los defectos están contenidos en el diligenciamiento por el márshal del mandamiento (*return*).

La mejor manera de comprender lo que se entiende por tales irregularidades podemos verlo más claramente en el caso de *Blood* v. *Light,* 38 Cal. 654, que dice:

"Es la política de la ley sostener las ventas judiciales cuando son atacadas colateralmente, de ahí que se procure, en tanto sea posible, obtener compradores a riesgo, aunque siempre sin perjuicio de otras

personas. Tal actitud es beneficiosa tanto para los acreedores como para los deudores, los cuales serían igualmente perjudicados por una regla cuya tendencia fuera la inseguridad de los títulos obtenidos en esta forma. No es obstáculo a esta política el exigir que el comprador asuma el riesgo de la autoridad del funcionario para vender, pues ésta puede ser determinada fácilmente mediante un examen de la sentencia y orden de ejecución bajo las cuales está actuando; pero no así al exigirle que averigüe y determine si el funcionario ha entregado una copia del mandamiento al ocupante del terreno; o, no habiendo tal ocupante, que ha fijado una copia en alguna parte de la propiedad, y radicado otra copia, con una descripción del terreno, en la oficina del registrador del condado, en los casos en que el terreno aparece en el registro del condado a nombre del demandado ejecutado; o, cuando aparece en el registro a nombre de alguna otra persona, que ha entregado a tal persona, o su agente, una copia del mandamiento con una notificación de que el terreno (describiéndolo) y cualquier título que el demandado tenga a él han sido objeto de incautación en virtud del mandamiento, y que ha archivado una copia del mandamiento y de la notificación en la oficina del registrador del condado, y entregado otra copia al ocupante del terreno; o, no habiendo tal ocupante, que ha. fijado una copia en lugar conspicuo en el terreno; que el deudor por sentencia no tiene bienes muebles; que el terreno ha sido puesto en venta en parcelas apropiadas, o que se está vendiendo de acuerdo con instrucciones del deudor por sentencia, o que la venta ha sido anunciada de acuerdo con la ley, pues exigir esto casi equivaldría a hacer prohibitivas las ventas judiciales y tendería grandemente al sacrificio del terreno, en perjuicio de todos los interesados. Llevada por estas consideraciones, en ninguna parte ha dispuesto la Legislatura que la validez del título de un comprador dependerá de la forma en que el funcionario ha cumplido con su deber; pero por el contrario, y sin limitación ni condición alguna al efecto, ha dispuesto que 'al venderse una propiedad inmueble el comprador queda subrogado en lugar del deudor por sentencia y adquiere todo su derecho, título, interés y acción respecto de la propiedad.' (Artículo 299.) La cuestión de si el funcionario ha cumplido o no con su deber es una entre él y las partes interesadas en el mandamiento, y el comprador no puede ser perjudicado por la negligencia o descuido de aquél.''

Y el artículo 245 del Código de Enjuiciamiento Civil, que

está tomado sustancialmente del 687 del de California, literalmente dice:

"Art. 245.—Cuando la orden de ejecución fuere contra la propiedad del deudor declarado tal por la sentencia, podrá librarse al márshal de cualquier distrito de la isla. Cuando ordenare la entrega de propiedad real o personal, deberá librarse al márshal del distrito en que radicare la propiedad, o parte de ella. Las órdenes de ejecución podrán ser libradas al mismo tiempo para diferentes distritos."

El texto de este artículo es claro en sus términos. No es como sostiene el apelado que no hay nada previsto en la ley de enjuiciamiento civil que determine a cuál márshal hay que expedir la orden de ejecución para el cumplimiento de la sentencia. El artículo establece como regla que la orden de ejecución puede librarse al márshal de cualquier distrito de la isla, pero la regla está limitada cuando se trate de la entrega de propiedad real o personal que deberá librarse al márshal del distrito en que radicare la propiedad.

En el caso que nos ocupa la orden de ejecución fué dirigida al márshal de la Corte de Distrito de San Juan, donde se había dictado sentencia, pero como la propiedad que había de subastarse radicaba en el distrito de Humacao, y su autoridad para vender propiedades solamente se extiende o es coextensiva con el límite territorial de su distrito, dicho márshal creyó que cumplía el estatuto endosando la orden al márshal de Humacao. Sin embargo, el endoso de la orden de ejecución no daba autoridad alguna al márshal de la Corte de Distrito de Humacao. El márshal de San Juan no tenía autoridad para ello y no puede considerarse su actuación como mera irregularidad o error anulable únicamente por ataque directo en el mismo pleito y entre las mismas partes. En realidad no hubo orden de ejecución que fuera dirigida al márshal de Humacao, y la venta de la propiedad, aunque radicada en su propio distrito, fué

nula y no anulable, sin eficacia ni valor legal alguno en
virtud de lo dispuesto en el artículo 245 arriba citado y
la jurisprudencia que hemos encontrado por ser de estricta
aplicación a este caso.

"Como regla. general un alguacil o márshal no tiene autoridad
alguna para cumplir una orden de ejecución que está dirigida a al-
gún otro alguacil o márshal, y como consecuencia lógica si de he-
cho actúa en virtud de tal orden la venta es nula y él un invasor
(*trespasser.*)

"Dentro del propósito de la ley el funcionario que verifica una
venta en virtud de orden de ejecución ejerce las funciones de un
agente y, bajo la política general de la ley en este respecto, se pre-
sume que toda persona que con él trata conoce la capacidad en que
está actuando. En virtud de esta teoría es que las cortes han de-
clarado nulas las ventas hechas por un funcionario no investido
con autoridad."

*Kleber's Void Judicial and Execution Sales, 277.*

"Pero si el mandamiento es nulo, o el secretario no tenía dere-
cho a expedirlo, o el funcionario a quien se dirige o entrega no tiene
autoridad para ejecutar, como cuando el mandamiento no se di-
rige o le ordena que ejecute, el comprador no adquiere ningún tí-
tulo. Se ha resuelto que un comprador no adquiere título alguno a
la propiedad vendida de acuerdo con un mandamiento que es defe-
ctuoso por su faz porque no cumple con las prescripciones del es-
tatuto." 23 C. J. 757.

La corte inferior, así como el apelado, citan los casos
de *Trías et al.* v. *Rossy,* 27 D. P. R. 44; *Bennet* v. *Her-
nández,* 22 D. P. R. 350; y *Maldonado* v. *Preston,* 22 D. P.
R. 659; el primero para darle cierta semejanza con el pre-
sente caso, y los otros para distinguirlos de éste y sostener
que no tienen aplicación al mismo. Pero es de observar
que el caso de *Trías* v. *Rossy* nada resolvió en cuanto al
endoso que se hizo del mandamiento de embargo de un
márshal a otro; y en los demás casos si bien no son idén-
ticos, ellos se rigen por el principio general de que se tra-
taba de defectos jurisdiccionales que envuelven la nulidad
o inexistencia de las actuaciones realizadas por el márshal.

Y en esto es que estriba especialmente que el remedio del que se crea perjudicado puede dirigirlo mediante ataque colateral como ocurre en este pleito.

"Como regla general una sentencia u otro procedimiento judicial es nula colateralmente sólo cuando, al tiempo de efectuarse el procedimiento, existía una falta de jurisdicción sobre la materia objeto de la acción, o sobre la persona del demandado, y tal defecto inherente resulta claro de un examen de los autos, o cuando el tribunal en que se verificaron los procedimientos no estaba legalmente constituído. Si uno o más de tales defectos radicales vicia los autos, entonces la sentencia, orden o decreto, y todos los derechos y títulos que en ellos descansen son absolutas nulidades, sin que importe si el comprador lo fué o no a título oneroso y si éste o el poseedor tenían o no aviso. Ni tampoco es cosa que tenga la más ligera importancia que los procedimientos se llevaran a cabo en una corte de la más alta dignidad en la comunidad, pues tales procedimientos están tan desprovistos de eficacia legal como si hubieran tenido lugar en la corte más baja dentro de la ley, y son *coram non judice* y nulos." Kleber's, *supra,* página 379.

El ataque directo entre las mismas partes y en el mismo pleito tiene lugar cuando se trata de un mero error o irregularidad en los procedimientos de la clase que se enumera, por ejemplo, en el caso de *Blood* v. *Light, supra.* Esos errores son los que pueden corregirse por ataque directo entre las mismas partes y en el mismo pleito, y si no se actúa de tal modo un comprador de buena fe no podrá ser perjudicado en un pleito separado. Esta es la doctrina en que funda la corte inferior su sentencia; pero no siendo este el caso y sí tratándose de vicios por falta de jurisdicción o inexistencia en los procedimientos de ejecución, la venta como consecuencia de los mismos es enteramente nula y el comprador no adquiere título alguno a la propiedad vendida.

"El principio general que ha de inferirse de todas las autoridades es que el título de un comprador que no tiene culpa no puede ser perjudicado en ley o equidad por acreditarse un mero error o

irregularidad en los procedimientos. Los errores e irregularidades deben ser corregidos por un procedimiento directo. Si no se corrigen así no pueden utilizarse a manera de ataque colateral contra el título del comprador. Freeman sobre Ejecuciones, sección 339. Pero cuando la corte no adquiere jurisdicción de las partes por no haber sido notificadas o emplazadas legalmente, se ha resuelto que la escritura del márshal es enteramente nula: *Hewitt* v. *Weatherby*, 57 Mo. 276.'' 15 Am. Dec. 91, 92.

Podemos inferir además de la doctrina que precede, que un comprador inocente no tiene que preocuparse ni inquirir sobre los meros errores de procedimiento, pero es su deber investigar la capacidad o poder en virtud del o de la cual el márshal ejerce su autoridad, y cerciorarse de su facultad jurisdiccional para verificar una venta, y para esto bastaría al comprador una inspección de la sentencia y de la orden de ejecución. *Blood* v. *Light, supra.*

''Como regla general el mandamiento no confiere autoridad alguna a ningún otro funcionario que no sea aquel a quien está dirigido.

''Tan estrictamente se aplica esta regla que exige que el mandamiento sea ejecutado por el funcionario a quien va dirigido, que una venta en virtud de mandamiento hecha por otro que no sea el propio funcionario a quien está dirigido, sino por uno a quien pudiera estar dirigido, carece en absoluto de validez.'' Kleber's *supra,* página 276.

Por otro lado, el demandado Robledo aparte de sostener la legalidad del endoso de la orden de ejecución, sostiene además las defensas, de la ratificación de la venta judicial por la demandada, y la prescripción de la acción fundándose en el artículo 1268 del Código Civil. Las dos cuestiones fueron tratadas en la opinión de la corte inferior y rechazadas. La corte no estimó suficiente las declaraciones del demandado y testigos, no dándoles entera credibilidad, en cuanto a las manifestaciones atribuídas a la demandante para ratificar la venta judicial, y de la prueba, no encontramos nada en contrario a esa conclusión.

Respecto a la prescripción no existe razón legal en que

fundarla. La base esencial en que descansan las premisas que se han sentado para declarar nula la venta judicial, hace inaplicable la disposición del artículo 1268 *supra,* porque partiendo de la inexistencia de la orden de ejecución, no tenemos elementos que den apariencia a la existencia de un contrato y la virtualidad del contrato de venta judicial quedaba supeditada a la validez o no de la orden de ejecución, y en este punto tiene aplicación la doctrina sentada por esta Corte Suprema en el caso de *Oliver et al.* v. *Oliver,* 23 D. P. R. 181, que declara:

"El término de prescripción de cuatro años que se fija para las acciones de nulidad es aplicable únicamente a los contratos en que concurren los requisitos que expresa el artículo 1228 del Código Civil."

Quedaba por resolver, la cuestión relativa a los frutos que en cantidad de $20,000 reclama la demandante de los demandados, pero un examen de la prueba aportada en este particular, no es bastante para determinar fijamente una estimación juiciosa de los frutos percibidos, y aunque además pudiéramos apreciarlos, no es este el caso en que la reivindicación lleva como secuela la indemnización de frutos. Los demandados fueron compradores inocentes y si en esta acción un ataque colateral les ha hecho estéril su compra y trastorna sus negocios, la contingencia de una operación equivocada no les lleva a las más fatales consecuencias y en su buena fe la ley por otro lado les proteje en cuanto a los frutos, por lo que no quedan obligados a su devolución, de acuerdo con lo que dispone el artículo 453 del Código Civil.

Por las razones expuestas la sentencia de la corte inferior debe revocarse.

*Revocada la sentencia apelada, sin costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.