ISIDRO BENÍTEZ, demandante y apelante, *v.* JUAN BENÍTEZ GÓ-
MEZ, administrador judicial de la Sucesión de JULIO CA-
YERE, demandado y apelado.

No. 3330.—*Visto:* Diciembre 5, 1924. *Resuelto:* Abril 30, 1925.

1. SENTENCIAS—ATAQUE COLATERAL—SENTENCIAS INATACABLES COLATERALMENTE—
SENTENCIA DE UNA CORTE DE IGUAL JURISDICCIÓN.—Defectos que no son juris-
diccionales no pueden ser atacados colateralmente.

2. HIPOTECAS—ACCIÓN ORDINARIA EN COBRO DE DEUDA—REQUERIMIENTO AL DEU-
DOR.—Para ejercitar la acción ordinaria en cobro de deuda de una hipoteca
que dispone que ciertos plazos de intereses no fueran satisfechos se consi-
deraría vencida la deuda, no es necesario requerimiento alguno al deudor
para que se le considere en mora por falta de pago.

3. SUSPENSIÓN DE PROCEDIMIENTOS Y REANUDACIÓN DE LOS MISMOS (*Abatement
and Revival*)—DEFECTOS Y OBJECIONES EN CUANTO A LAS PARTES Y A LOS
PROCEDIMIENTOS—PLEITOS ENTABLADOS PREMATURAMENTE.—La objeción de
que una acción ha sido establecida prematuramente, para que pueda una
parte valerse de ella en apelación, debe hacerse por *plea in abatement* o por
excepción previa, según el hecho aparezca o no de la faz de la demanda;
no mediando una u otra, no es nula la sentencia dictada.

4. EMBARGOS—PROCEDIMIENTOS PARA OBTENERLOS—JURISDICCIÓN Y "*Venue*"—
JURISDICCIÓN DEL CASO CORRESPONDIENDO A LA CORTE QUE LO DECRETÓ—
EFECTO.—En junio 30, 1921, se radicó un pleito en la Corte de Distrito de
San Juan, Sección Primera; en julio 1º. de dicho año, y antes de ser
trasladado de acuerdo con la Ley No. 41 de junio 30, 1921, se obtuvo de
dicha corte aseguramiento de sentencia mediante embargo. *Se resolvió:* que
correspondiendo la jurisdicción del caso al nuevo Distrito Primero hasta
tanto fuera trasladado, el embargo era válido no obstante haberse expedido
la orden de aseguramiento sin fianza.

5. VENTAS JUDICIALES—VENTAS NULAS—PROPIEDAD RADICADA FUERA DE LA JURIS-
DICCIÓN DEL MÁRSHAL QUE VENDIÓ.—Es nula la venta que de una propiedad
haga un márshal cuando dicha propiedad está fuera de los límites geográficos
de su propio distrito. (*Solá v. Castro*, 32: 804, distinguido.)

6. DAÑOS Y PERJUICIOS—ACCIÓN RESUELTA POR EXCEPCIÓN PREVIA—FACULTAD
DEL TRIBUNAL SUPREMO PARA TRATAR Y RESOLVER LOS DAÑOS.—Cuando en
una acción se reclaman daños y perjuicios y el caso es resuelto por excepción
previa, sin prueba, carece el Tribunal Supremo de facultad para tratar y
resolver los daños.

SENTENCIA de *M. Rodríguez Serra*, J. (Segundo Distrito, San Juan),
declarando sin lugar la demanda, con costas.

*Campillo & Campillo*, abogados del apelante; *Juan B. Soto*, abo-
gado del apelado.

EL JUEZ ASOCIADO SEÑOR. WOLF, emitió la opinión del tribunal.

Teniendo un acreedor hipotecario una hipoteca a su fa-
vor, prefirió, sin embargo, establecer una acción ordinaria

en cobro de la deuda. Dicho acreedor obtuvo una orden de aseguramiento de sentencia, una sentencia en rebeldía, ejecutó la finca sujeta a la hipoteca, y adquirió la propiedad en la subasta. Tenemos ante nuestra consideración una acción para anular todos o algunos de los anteriores procedimientos.

[1] La Corte de Distrito de San Juan, Sección Segunda, declaró con lugar una excepción previa formulada a la demanda fundándose en que la sentencia de otra corte de igual jurisdicción no podía ser atacada en esta forma. Que los defectos que no son jurisdiccionales no pueden ser atacados colateralmente es la doctrina sentada en el caso de *Solá* v. *Castro,* 32 D.P.R. 804, y caso de *Blood* v. *Light,* 38 Cal. 654 (99 Am. Dec. 441), doctrina que hemos confirmado y considerado de nuevo en el caso de *González* v. *Anglada,* sentencia de febrero 27, 1925 (33 D.P.R.). Consideraremos algunos de los varios fundamentos de impugnación.

[2, 3] A. Bajo este apartado así marcado, el demandado alegó que la obligación no era exigible, pero esta es una cuestión que pudo haber sido alegada en el pleito en el cual fué anotada la rebeldía. La hipoteca disponía que si ciertos plazos de intereses no fueran satisfechos el acreedor tendría derecho a considerar vencida toda la deuda hipotecaria. La anterior demanda contenía una alegación de que el acreedor consideró vencida de tal modo la deuda. El apelante sostiene que con arreglo al Código Civil, antes de que el deudor pudiera ser considerado en mora por falta de pago debe hacérsele un requerimiento. La corte por mayoría, sostiene que de acuerdo con el convenio contenido en la hipoteca, tal requerimiento no es necesario. De todos modos en el contrato original se estipulaba que el acreedor podría declarar vencida la deuda. La demanda original contenía la alegación de que el acreedor había hecho tal declaración. Esta manifestación podría ser interpretada algo dudosamente, es verdad, en el sentido de significar que el

acreedor había hecho todas las gestiones necesarias para que la deuda venciera, incluyendo un requerimiento al deudor. Nos sentimos obligados a declarar, mientras no estemos convencidos de lo contrario, que no aparecía satisfactoriamente de la faz de la demanda original que la acción fué establecida prematuramente y que tal objeción no puede ser ahora levantada. Los casos que tienden a estas conclusiones son *Royal Insurance Co.* v. *Henderson,* (Tex. Civ. App.) 201 S. W. 426, 428; *Shaefer* v. *Hines,* (56 Ind. App. 17) 102 N. E. 839, 840; *Simmons* v. *Meyers,* (61 Ind. App. 403) 112 N. E. 31, 32; *Cooper* v. *Ricketson,* (14 Ga. App. 63) 80 S. E. 217, donde la corte de Georgia, siendo los hechos algo semejantes, resolvió que la objeción de que un pleito fué establecido prematuramente debe hacerse por excepción previa, o moción para suspensión de los procedimientos (*plea in abatement*) y que una sentencia dictada sin mediar una u otra no era nula. Como en el presente caso, la cuestión fué allí sólo promovida al ser expedido mandamiento de ejecución.

[4] B. En julio 1º, 1921, fué puesta en vigor una nueva ley por la cual las anteriores Cortes de Distrito de San Juan quedaron abolidas y creadas dos nuevas cortes con jurisdicción independiente. (Véase leyes de 1921, p. 287.) Las disposiciones transitorias de la ley suprimiendo dichas anteriores cortes de distrito eran como sigue:

"Sección 5.—*Disposición transitoria.*—Los asuntos pendientes en cualquiera de las secciones de la corte de distrito, tal como está actualmente constituída, al entrar en vigor esta Ley, deberán ser resueltos por el juez que actualmente conozca de los mismos, si hubieren entrado en el período de prueba o estuvieren pendientes de sentencia; en cualquier otro caso serán trasladados de la Sección en que ahora se encuentren a la corte correspondiente creada por esta Ley, a moción de parte o del propio juez."

El caso anterior fué radicado en la Corte de Distrito de San Juan, Sección Primera, antigua ley, en junio 30, y en julio 1º el demandante obtuvo aseguramiento de senten-

cia en el distrito primero, nueva ley. Sostie_e el apelante que las disposiciones transitorias, *supra,* eran imperativas y que dicho primer distrito, nueva ley, perdió la jurisdicción y no tenía derecho alguno a ordenar el referido aseguramiento de sentencia. Si el demandante en julio 1º había solicitado del distrito segundo, nueva ley, una orden de aseguramiento, hubiera sido negada por no existir ningún pleito pendiente ante la referida corte. El caso hubiera estado, todavía, radicado en la Corte de Distrito, Distrito Primero. Antes de trasladar, ¿carecía enteramente de facultad la corte donde el caso estaba pendiente para adoptar cualquier resolución, como por ejemplo, una orden de aseguramiento? Alguna cuestión legal o de hecho fácilmente podría surgir respecto a si el distrito primero o segundo era la verdadera corte que había de seguir con el pleito. Hasta que la corte actuó trasladando, debe haber existido algo pendiente en la corte donde en realidad fué radicada la demanda. Si algo ha de trasladarse, ese algo debe existir. La disposición transitoria presupone que alguna cosa está pendiente que necesita la acción de la corte para ser trasladada. Por tanto, el artículo 82 del Código de Enjuiciamiento Civil es aplicable, a saber:

"Art. 82.—Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente." (Comp. 1911, Sec. 5066, p. 855.)

Sostiene el apelante que este artículo sólo es aplicable a una corte que continúa existiendo y no puede hacer referencia a una corte que ha sido abolida; que si hubiera sido radicado un pleito en el distrito primero, nueva ley, en julio 1º, ese distrito hubiera adquirido el derecho a seguir con el caso hasta obtenerse un traslado, pero que una regla diferente era aplicable a una acción establecida en junio 30 en dicha corte abolida. Las disposiciones transitorias y la ley

en conjunto, sin embargo, muestran que todos los casos pendientes en la Corte de Distrito de San Juan, Sección Primera, antigua ley, pasaron totalmente a la Corte de Distrito de San Juan, Distrito Primero, nueva ley, hasta que fueran trasladados. Los casos que habían progresado hasta cierto período de la prueba o resolución no habían de ser trasladados en absoluto aun cuando correspondieran debidamente a la otra corte.

Como la acción en cuestión fué radicada en la antigua Sección Primera y por ministerio de la ley trasladada al nuevo distrito primero, la jurisdicción del caso correspondía al nuevo distrito primero hasta que fuera trasladado. De ahí que el demandado en el pleito se sometió al permitir que se dictara sentencia en rebeldía contra él. Párrafo 2 del artículo 47 del Código de Enjuiciamiento Civil. Este es el razonamiento de nuestra decisión en el caso de *Quiñones* v. *Ozores*, 31 D.P.R. 186. Además, no debemos pasar por alto el hecho de que el emplazamiento aunque fué librado en junio 30, no fué entregado al márshal hasta julio 28 y notificado por éste ostensiblemente como funcionario del nuevo distrito primero. De aquí que posible, si no ciertamente, la jurisdicción fué originalmente adquirida sólo por el nuevo distrito primero, suponiendo que el demandado fué debidamente citado.

C. El hecho de que la deuda no era exigible ha sido discutido. Que la orden de aseguramiento fué expedida sin fianza, era una irregularidad que no convertía en nula la venta de modo que la sometiera a un ataque colateral. *Solá* v. *Castro, supra; González* v. *Anglada, supra.*

Bajo los párrafos F y G el apelante alegó que el Secretario de la Corte de Distrito del Primer Distrito no tenía jurisdicción para dictar una sentencia en rebeldía; que él tenía tal facultad, se desprende de nuestras anteriores consideraciones.

[5] D. Bajo este párrafo el apelante sostiene que el Márshal de la Corte de Distrito de San Juan, Distrito Pri-

mero, no tenía derecho a embargar una propiedad radicada en Río Grande o Río Piedras que corresponde a la jurisdicción de la Corte de Distrito de San Juan, Distrito Segundo, nueva ley, y;

En el párrafo E se alega una proposición semejante al decir que el márshal no tenía derecho a expedir mandamientos a los registradores de la propiedad. Como podemos tomar conocimiento judicial de que los registros de la propiedad están radicados en la capital y de que ambas cortes de distrito y ambos márshals residen aquí, tal vez el mero embargo consistente en una notificación a un registrador puede tenerse por válido. Así lo sostendríamos mientras no se nos convenza de lo contrario.

H. Como el diligenciamiento hecho por el márshal demuestra que el demandado fué citado en San Juan, el hecho de que él vivía en Río Piedras no podía privar a la Corte de Distrito de San Juan, Distrito Primero, nueva ley, de jurisdicción aunque el caso pudiera ser propiamente trasladado mediante la debida moción.

Bajo los párrafos J y L el apelante alega que el Márshal del Distrito Primero no tenía facultad para vender una propiedad radicada en Río Grande. En el caso de *Solá* v. *Castro, supra,* revisamos la jurisprudencia de esta corte y resolvimos claramente, como en otros casos, que un márshal no tiene autoridad alguna o facultad para vender propiedad que está fuera de los límites geográficos de su propio distrito. Desde luego que en el caso de *Solá* v. *Castro, supra,* la decisión fué que el márshal si bien vendía en su mismo distrito, no estaba debidamente autorizado para vender, pues su autoridad procedía no de una corte de distrito sino de otro márshal, pero la revisión de las autoridades en ese caso abarca la cuestión que aquí se levanta. La propiedad fué vendida en Río Grande por el Márshal del Distrito Primero, que no tenía facultad para verificar tal venta en Río Grande. Siendo esto así, no es necesario considerar algu-

nos de los errores alegados por el apelante en relación con o después de dicha venta.

El resultado final de estas consideraciones es que la sentencia y el embargo de la propiedad se considerarán válidos, pero que la venta por virtud de los mismos era absolutamente nula e ineficaz y su nulidad podía demostrarse por un ataque directo o colateral.

[6] El apelante también reclamó daños y perjuicios pero como este caso fué resuelto por excepción previa, sin prueba, carecemos de facultades para tratar de resolver los referidos daños y perjuicios, que deben ser determinados por la corte de distrito después de oir la prueba.

*La sentencia de la corte de distrito debe ser revocada, debiendo devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*